UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:04-CV-P144-M

TIMOTHY ALLEN WEAVER                                      PLAINTIFF

v.

SARA ESTES, et al.                                             DEFENDANTS

**MEMORANDUM OPINION**

      Defendants, Sara Estes, *et alia*, move to dismiss, pursuant to Rule 41 of the Federal Rules of Civil Procedure, on the ground that Plaintiff, Timothy Allen Weaver, *pro se*, has failed to prosecute this prisoner, civil rights action. Defendants have also filed a motion for summary judgment. The Court will grant the motion to dismiss, rendering the summary judgment motion moot.

**I.**

      In the complaint, Plaintiff seeks legal and equitable relief, under 42 U.S.C. § 1983, from two prison nurses and a prison physician, in their individual and official capacities, for the alleged deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution. After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the complaint to proceed under the claims against each Defendant for participating in the alleged denial of a physician's examination and prescribed medications in conformance with a county policy or custom that denied same on the basis of a pre-existing condition.

      The Court established discovery deadlines, by Order entered December 6, 2004, which among other things required the completion of all pretrial discovery by January 5, 2005, and required Plaintiff to file a pretrial memorandum no later than February 5, 2005. Pursuant to the

Court's scheduling order, Defendants certified on January 6, 2005 that they, by counsel, provided Plaintiff with copies of all records of the Daviess County Detention Center relevant to the allegations in the complaint. Defendants moved for summary judgment in advance of the March 4, 2005, deadline for dispositive motions.

Plaintiff has not filed a pretrial memorandum, nor has Plaintiff requested a time-extension, in compliance with the Court's scheduling order. Plaintiff has not responded in any way to Defendants' motion to dismiss, filed March 18, 2005 or to Defendants' motion for summary judgment filed the same date.

Plaintiff has failed to apprise the parties and the Court of his current mailing address, a specific requirement set out in the Scheduling Order. Defendants attach to the motion to dismiss an envelope showing mail as undeliverable to Plaintiff's last known address. The Court's docket sheet indicates Plaintiff's other mail was returned undeliverable due to his return to the Indiana Department of Corrections.

**II**.

A defendant may move for dismissal of an action, under Rule 41(b) of the Federal Rules of Civil Procedure, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991). In *Pilgrim v. Littlefield*, the Sixth Circuit Court of Appeals stated:

> As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. [*Jourdan*, 951 F.2d at 110.] Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant. *Id*.

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff has failed to indicate any desire to pursue his claim. Plaintiff has not filed a pretrial memorandum in compliance with the court deadline of February 5, 2005. Plaintiff has not filed a response to Defendants' motion to dismiss filed nearly six months ago. Plaintiff has not filed a response to Defendants' motion for summary judgment. Plaintiff has not given notice of his change of address. Plaintiff's only interest in this litigation since filing the complaint was in January 2005 to seek an order directing his return to the Indiana Department of Corrections. The Court denied Plaintiff's motion January 12, 2005. Taken as a whole, Plaintiff's failure to comply with the scheduling order and respond to Defendant's dispositive motions show a pattern of failing to pursue his claim. *See Jourdan*, 951 F.2d at 110.

The Court recognizes that failure to oppose a motion to dismiss or for summary judgment, in and of itself, does not always provide grounds for dismissal. *See Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991) (holding as an abuse of discretion the district court's dismissal based solely on the plaintiff's failure to comply with a local rule requiring an opposing memorandum within 15 days). Rather, the Court bases its dismissal on Plaintiff's failure to pursue his case in any way since January, despite motions from Defendants seeking to dismiss his case.

The Court will grant Defendants' motion to dismiss, pursuant to Rule 41(b), based on

Plaintiff's pattern of failing to pursue his case since January 2005. The Court will enter an Order consistent with this Memorandum Opinion.

        Dated:

cc:       Plaintiff, *pro se*
            Defendants
            Daviess County Attorney

4414.007